IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

      Respondent,

V.                                              CRIMINAL NO. 3:02-00148
                                                   (CIVIL ACTION NO. 3:07-0469)

WILLIAM L. JOHNSON,

      Movant.

**FINDINGS AND RECOMMENDATION**

On September 10, 2002, following consummation of a plea agreement, William L. Johnson entered a plea of guilty to one count of a multiple count indictment in which he was charged with distributing a quantity of cocaine base. On January 9, 2003, he was sentenced as a career offender to 151 months imprisonment. As the Court is aware, appellate proceedings were lengthy and while Johnson's appeal was pending the Supreme Court handed down decisions in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005). As a consequence, in February 2005, on Johnson's petition for writ of certiorari, the Supreme Court vacated judgment and remanded the case "for further consideration in light of United States v. Booker ... ." Johnson v. United States, 543 U.S. 1181 (2005). Ultimately, Johnson was resentenced on June 19, 2006 to 151 months imprisonment. His sentence was affirmed on appeal and his petition for writ of certiorari was denied by the Supreme Court on June 29, 2007. Johnson v. United States, 551 U.S. 1171 (2007). On August 1, 2007, he filed a motion under the provisions of 28 U.S.C. § 2255 asserting that at the

time he committed the offense, at the time of his plea and at the time of sentencing he was "mentally incompetent."[1]

In the petition Johnson states that his "criminal and medical[2] histories indicate a need to have been diagnosed to determine if there were mental short-comings," that he "has had numerous drug charges," and that the "current record suggests (3) three incidents"[3] which "alone should have been reason enough for a full and complete mental evaluation." The United States has filed a response to the motion, movant has filed a reply and the matter is ready for decision.

Initially, it is noted that in the documents filed by movant there is a complete absence of facts which would support a finding of legal incompetence at any time, whether it be at the time of the commission of the offense, at the time movant pled guilty or at sentencing. There is only a characterization of "drug charges" as "abnormal acts," "his medical situation" as evidencing "a mental breakdown in his activities of daily living," and the assertion "that Mr. Johnson was mentally incompetent ... ."[4]

---

[1] Johnson filed a supplement to his motion on August 9, 2007, containing essentially the same allegations as in his initial motion.

[2] Johnson, who was sixty-two at the time of his plea, suffered from numerous physical aliments, including gout, hypertension, post surgical excision of a cancerous tumor on his left cheek, a history of urinary tract difficulty and chronic back pain. He had been awarded Supplemental Security Income Benefits in 1995 based on a "discogenic and degenerative back disorder and urinary tract disorder."

[3] The reference here is presumably to Johnson's present and two prior felony convictions for controlled substance offenses.

[4] Rule 2, Rules Governing Section 2255 Proceedings for the United States District Courts, requires that the motion contain "facts supporting each ground," and a district court may "deny without a hearing § 2255 motions which state only 'legal conclusions with no supporting factual allegations.'" Raines v. United States, 423 F.2d 526, 531 (4th Cir. 1970).

Extensive questioning by the Court at the plea hearing established that, while movant was taking medication for his physical aliments, nothing he was taking affected his ability to understand the plea proceeding. His attorney advised the Court that Mr. Johnson had been cooperative with him during the period of his representation and that he had no reason to question his competence. Johnson indicated to the Court that he understood the effect of the plea agreement and confirmed that the agreement had been reached "after discussion" with him "of each of its terms." Johnson also advised the Court that he had discussed the application of the sentencing guidelines to his case and understood that the Court was not then able to determine his guideline sentence but had to await preparation of a presentence report and the opportunity for objections by the parties.[5] After determining that defendant understood the charges to which he was pleading, the maximum penalty and, inter alia, the rights he was giving up by pleading guilty, the Court found movant "fully competent and capable of entering an informed plea." Nothing presented by movant or contained in the record of this case calls that finding into question.[6]

The standards for evaluation of competency to stand trial and to pled guilty are the same, Shaw v. Martin, 733 F.2d 304, 314 (4th Cir. 1984), and require the Court to determine "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of

---

[5]Johnson did file pro se objections to the report, objections which were subsequently withdrawn after consulting with his attorney.

[6]It should also be pointed out that in both the 2002 and the revised 2006 presentence reports the probation officer states that "[n]o information has been obtained which would indicate the defendant is experiencing any mental or emotional problems," and "[a]ccording to the defendant he has never been evaluated by a psychiatrist or psychologist." As the Court is aware, Johnson filed a pro se motion for reconsideration following the original sentencing proceeding. Ultimately, his motion was denied; however, he testified at a hearing before the Court concerning the date on which he had mailed the motion for reconsideration.

rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him.'" Id. at 314 n. 13 (quoting, Dusky v. United States, 362 U.S. 402, 402 (1960)). A movant raising a substantive competency claim,[7] as is Johnson, by alleging incompetency at the time of his plea and sentencing "is entitled to no presumption of incompetency and must demonstrate his incompetency by a preponderance of the evidence." Burket v. Angelone, 208 F.3d 172, 192 (4th Cir. 2000).[8] Moreover, "neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial," "rather, the evidence must indicate a present inability to assist counsel or understand the charges." Id.

There is, as has been pointed out, no factual basis in the motion or the record of this case supporting Johnson's claim of incompetency. Indeed, all the evidence is to the contrary. During the Rule 11 proceedings, the Court questioned movant and his lawyer regarding movant's competency. Movant confirmed that he had discussed the plea agreement with counsel and understood the nature of the charges against him, that he had discussed application of the sentencing guidelines, that he understood that the Court had the authority to depart from the guidelines and that he was aware of the rights he was giving up by pleading guilty. Being mindful that "representations of the defendant" and his lawyer at a plea proceeding "carry a strong presumption of verity, Blackledge v. Allison, 431 U.S. 63, 74 (1977), and taking account of the absence of any evidence indicating that movant's

---

[7]There is, similarly, no basis for a procedural competency claim. Neither movant's physical ailments nor his record of convictions raised a "'bona fide doubt' regarding [his] competency." Burket v. Angelone, 208 F.3d 172, 192 (4th Cir. 2000).

[8]As the court pointed out in Battle v. United States, 419 F.3d 1292, 1298-99 (11th Cir. 2005), "[t]o show entitlement to a hearing on [a] substantive incompetency claim [a movant] must present 'clear and convincing evidence creating a real, substantial and legitimate doubt [about] his competence to stand trial.'"

4

understanding of the proceedings against him or his ability to consult with counsel was impaired, it is clear that his claim of incompetency is without merit.[9] With respect to movant's claim that he was "mentally incompetent at the time of the crime," his guilty plea, which remains unimpeached, forecloses his right to challenge his conviction on this basis. Tollett v. Henderson, 411 U.S. 258, 267 (1973).

## RECOMMENDATION

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this § 2255 proceeding be denied.

Movant and Respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Joseph R. Goodwin, Chief Judge, United States District Court, and that, in accordance with the provisions of Rule 8(b), Rules Governing § 2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies

---

[9]Absent any basis for questioning movant's competency, there is, of course, no basis for questioning counsel's representation. To the extent that Johnson asserts a claim of ineffective assistance of counsel stemming from his alleged incompetency, and it is not clear that he does, this claim is, similarly, without merit.

of objections shall be served on all parties with copies of the same to Judge Goodwin and this magistrate judge.

      The Clerk is directed to file these Findings and Recommendation and to transmit a copy of the same to movant and all counsel of record.

      DATED: September 9, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE